# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** <br><br> ROBERT DANIEL WILSON, <br><br> **Debtor.** | **Bankruptcy Case No. 06-40027** |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

      Robert Wilson, Chubbuck, Idaho, Pro Se Debtor.

      Craig W. Christensen, Pocatello, Idaho, Attorney for Citizens Community Bank.

This matter comes before the Court on Debtor Robert D. Wilson's Motion to Set Aside Order to Remove Automatic Stay and Disallow Reclamation and Sale of One Vehicle. Docket No. 38. The Court conducted a hearing and has considered the motion, briefs and affidavits filed by the parties, as well as their arguments. This Memorandum disposes of the motion. Fed. R. Bankr. P. 7052; 9014.

### Relevant Facts

MEMORANDUM OF DECISION - 1

On September 16, 2003, Debtor Robert Daniel Wilson ("Debtor") and Ann Wilson executed a promissory note with Citizens Community Bank ("Citizens"), which consolidated two separate, existing outstanding loans with Citizens. Affidavit of Ralph G. Cottle at ¶ 13, Docket No. 43. In order to secure the note, the Wilsons executed a Consumer Security Agreement granting Citizens a security interest in both a 1993 Jeep Grand Cherokee Wagon, and a 1995 Jeep Grand Cherokee Wagon, the Wilsons' vehicles which had separately secured the two prior separate loans.[1] Thereafter, the Wilsons encountered financial difficulties, and two separate "Change in Terms" Agreements were executed with Citizens on July 16, 2004 and February 14, 2005, respectively.[2] The change agreements altered only the term and amount of payments; they did not affect the collateral for the consolidated loan. After defaulting on the payments due on the loan, on January 23, 2006, the Wilsons voluntarily surrendered the 1995 Jeep

---

[1] Aff. of Ralph G. Cottle, Exhibit B, Docket No. 43. Debtor contends that he was unaware that both vehicles were listed as collateral on the consolidation note, but does not deny that he signed that note.

[2] Additional Change in Terms Agreements had been executed between the Wilsons and Citizens, but they pertained to the original two notes, not the consolidation note, at issue here. Cottle Aff. at ¶ 2 – 12, Docket No. 43.

MEMORANDUM OF DECISION - 2

Cherokee wagon to Citizens. Thereafter, on February 13, 2006, the Wilsons filed their Chapter 7 petition.[3]

On June 14, 2006, Citizens filed a motion for relief from the automatic stay in order to reclaim and sell the 1993 Jeep. Docket No. 34. A copy of the motion, which warned that a formal response was required, was mailed to the Wilsons at the address they listed on their bankruptcy petition. *See* Certificate of Service, Motion at 9–10, Docket No. 34. Neither of the Wilsons responded to the motion, and on July 7, 2006, the Court entered an Order Removing Automatic Stay and Allowing Reclamation ("Order").[4] Docket No. 36. On July 17, 2006, the Debtor filed the instant motion, which came before the Court for hearing on August 16, 2006, at which time the matter was taken under advisement. The Court finds and concludes that no basis has been shown to vacate its prior stay relief Order.

**Analysis**

Debtor's motion cites no statute, rule or other legal basis for the relief sought. Reading the motion fairly, the Court will treat it as a motion to alter

---

[3] Ms. Wilson joined Debtor on the bankruptcy petition. Her bankruptcy case was dismissed by Order on May 15, 2006, for failure to attend the initial and continued § 341(a) meeting.

[4] If a timely objection is not filed, the Court may grant the motion without a hearing. L.B.R. 4001.2(c); Fed. R. Bankr. P. 4001(d)(3).

MEMORANDUM OF DECISION - 3

or amend the Court's prior order under Fed. R. Civ. P. 59(e), as well as one for relief from an order, which is governed by Fed. R. Civ. P. 60(b).[5]

### A. Debtor Cannot Meet His Burden Under Rule 59(e).

The Court concludes that the motion to alter or amend should not be granted. Pursuant to Fed. R. Civ. P. 59(e), Debtor has the burden to:

> clearly establish a manifest error of fact, a manifest error of law, or the existence of newly discovered evidence. *Hale v. United States Tr.* (*In re Basham*), 208 B.R. 926, 934 (9th Cir. BAP 1997); *Krommenhoek v. Covino* (*In re Covino*), 241 B.R. 673, 679, 99.4 I.B.C.R. 138, 140–41 (Bankr. D. Idaho 1999); *Jimenez v. Rodriguez* (*In re Rodriguez*), 233 B.R. 212, 218–19 (Bankr. D. Puerto Rico 1999). The motion may not be used to simply ask the Court to rethink matters already decided, to reargue matters already submitted, or to attempt to cure deficiencies in earlier submissions that were found to be inadequate. *In re Negrete*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996); *Alexander v. Bleau* (*In re Am. West Airlines, Inc.*), 240 B.R. 34, 38 (Bankr. D. Ariz. 1999).

*In re Couch-Russell*, 04.1 I.B.C.R. 9, 10 (Bankr. D. Idaho 2004). In his motion and during oral argument, Debtor asserted that he is entitled to have the order set aside because he did not know about Citizens' motion until after the time to object had passed. Debtor apparently lacked knowledge of the filing of the motion

---

[5] Federal Rules of Civil Procedure 59 and 60 apply to bankruptcy proceedings pursuant to Rules 9023 and 9024, Fed. R. Bankr. P., respectively.

MEMORANDUM OF DECISION - 4

because, as he stated at hearing, he had been busy looking for employment, and elected to not walk over to his mailbox and pick up his mail, because his mail had lately consisted of "junk and bills" and he was not expecting to receive anything of importance.[6]

    While the Court appreciates his candor, Debtor's excuses obviously fall short of demonstrating a manifest error of fact, a manifest error of law, or the existence of newly discovered evidence occurred in this case for purposes of Rule 59(e). Rather, Debtor's motion is clearly an invitation to the Court to simply rethink its decision to grant Citizens' motion. The Court declines to do so. In short, Debtor has not shown he is entitled to relief from the Order under Rule 59(e).

    **B. Debtor Also Cannot Show Excusable Neglect Under Rule 60(b).**

    Rule 60(b) allows a party to seek relief from a final judgment or order for a variety of reasons. In this case, only the grounds described in subsections (1) and (6) of the Rule are applicable.

    **1. Rule 60(b)(1)**

---

[6] Debtor admitted he picked up his mail and saw Citizens' motion on or about July 1, 2006. Under L.B.R. 4001.2 and Fed. R. Bankr. P. Rule 9006 (Interim), Debtor had until July 5, 2006 in which to object to the motion. The Court's Order was not entered until July 7, 2006. Debtor offers no good explanation of why he did not respond to the motion prior to entry of the order.

MEMORANDUM OF DECISION - 5

Rule 60(b)(1), allows the Court to relieve a party from the effects of a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect . . . ." The Court's treatment of Rule 60(b) is not rigid, but requires the Court to equitably consider all relevant circumstances surrounding a party's, or its lawyer's, error or omission. *Pincay v. Andrews*, 389 F.3d 853, 856, 860 (9th Cir. 2004) (en banc) *cert. denied.*, 544 U.S. 961 (2005) (noting that the standard was an equitable one requiring a flexible approach, declining to adopt a strict per se rule) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *In re Bott*, 03.2 I.B.C.R. 125, 125 (Bankr. D. Idaho 2003).

When applying Rule 60(b) to default judgments, the Ninth Circuit has determined that such judgments are disfavored and, whenever possible, actions should be decided by the courts on the merits. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2006). Courts have enunciated three factors to consider in weighing a request to vacate a default judgment: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. *In re Peralta*, 317 B.R. 381 (9th Cir. BAP 2004) (citing *TCI*, 244 F.3d at 695–96). These three factors stem from the "good cause" standard for vacating defaults. *Id.*; Fed. R. Civ. P. 55(c). As Debtor is the

MEMORANDUM OF DECISION - 6

party seeking relief from the default judgment, he bears the burden of demonstrating that these factors weigh in favor of vacating the judgment. *Id*. at 696.

Debtor cannot satisfy his burden. First, Debtor's own culpable conduct (*i.e.,* his unjustified failure to retrieve his mail from the mailbox) led to his delayed knowledge of the filing of Citizen's motion. Second, Debtor does not offer any potential meritorious defense to the motion. As the Court noted during the hearing, Citizens apparently complied with all aspects of Idaho law in taking possession of and selling the 1993 Jeep, only after obtaining relief from the automatic stay.[7] Debtor cannot demonstrate, if the order for stay relief were vacated, how he could successfully oppose its reentry after further proceedings.[8]

---

[7] In order to determine whether Citizens employed the proper procedures when it repossessed and sold the vehicle, the Court looks to state law. *In re Bauer*, 05.3 I.B.C.R. 60, 61 (Bankr. D. Idaho, 2005) (citing *Dumas v. Mantle (In re Mantle)*, 153 F.3d 1082, 1084 (9th Cir. 1998) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)). Idaho Code §§ 28-9-610–12 provide the procedures which must be followed when a secured creditor repossesses and sells collateral. Based upon additional submissions the Court ordered Citizens to make after the hearing, it appears Citizens complied with those procedures. *See*, Aff. of Brody R. Perrenoud at ¶ 41; Ex. H, I to Perrenoud Aff., Docket No. 44.

[8] Debtor claimed the Jeep exempt in his schedules, Docket No. 16, a claim which was not contested by the trustee or other parties. In addition, a discharge has been entered in Debtor's favor on May 26, 2006. Docket No. 31. In all likelihood, because the vehicle is no longer property of the bankruptcy estate and a discharge has been entered, the automatic stay has terminated by operation of law. 11 U.S.C. § 362(c)(1), (2)(C).

MEMORANDUM OF DECISION - 7

Finally, while there is no need for the Court to consider whether Citizens would be prejudiced by granting relief from the order because Debtor has been unable to meet his burden on the other two elements, it seems clear it could establish a potential for prejudice exists. Citizens has incurred expenses associated with entry of the stay relief order and repossession of the vehicle which Debtor has not offered to reimburse.[9]

Relief under Rule 60(b)(1) is not warranted.

2. **Rule 60(b)(6)**

Under Rule 60(b)(6), the Court may grant relief from a judgment or order "for any other reason justifying relief from the operation of the judgment." While this is a seemingly "catch-all" phrase, the courts have construed it strictly. While Rule 60(b)(1) has been interpreted as encompassing errors made due to the 'mere neglect' of the party, Rule 60(b)(6) applies to errors or actions beyond the party's control. *In re Bott*, 03.2 I.B.C.R. 125, 126 (Bankr. D. Idaho 2003) (citing *Community Dental Services v. Tani,* 282 F.3d 1164, 1170, n. 12 (9th Cir. 2002)); *see also, In re Anderton*, 00.1 I.B.C.R. 5, 8 (Bankr. D. Idaho 2001) (citing *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996)) ("[R]ule 60(b)(6) is

---

[9] In addition, Citizens represented at the hearing that the Jeep has now been sold to a third party. Attempting to "undo" that sale may cause additional prejudice to Citizens even assuming it could be done.

MEMORANDUM OF DECISION - 8

only to be applied in rare cases where a party was prevented by 'extraordinary circumstances' from seeking timely prevention or correction of an erroneous judgment."). To qualify for relief under Rule 60(b)(6), a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests. Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Bott*, 03.2 I.B.C.R. at 126 (citing *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998)) (internal citations omitted).

In light of these cases, the Court concludes that Debtor's failure to oppose Citizens' motion was a result of his own choice not to monitor his mail. Nothing beyond Debtor's own neglect and lack of diligence have been shown to have caused his predicament. The Court will not grant relief from its Order under Rule 60(b)(6).

## Conclusion

Debtor has not shown any grounds exist to justify relief from the Court's stay relief order. Accordingly, Debtor's motion to set aside will be denied by separate order.

Dated: September 15, 2006

_____
Honorable Jim D. Pappas

MEMORANDUM OF DECISION - 9

United States Bankruptcy Judge

MEMORANDUM OF DECISION - 10